IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cr-00613 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| HERIBERTO CARBAJAL-FLORES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Heriberto Carbajal-Flores ("Carbajal-Flores") was charged with possession of a firearm while illegally or unlawfully in the United States, in violation of 18 U.S.C. 922(g)(5)(A). Before the Court is Defendant's motion to dismiss the indictment [43]. For the following reasons, the Court denies the motion.

**Background**

Defendant is not a citizen of the United States but has lived in Chicago since 2002. On June 1, 2020, in the wake of the killing of George Floyd, Chicago experienced protests, including some property destruction. That night, in the Little Village neighborhood of Chicago, Illinois, Defendant stood watch in front of a local shop, a business to which Defendant does not assert any connection. According to Defendant, several men attempted to break into the shop. A few minutes later, Defendant joined what he describes as an impromptu neighborhood watch to protect the business. At around 9:53 p.m., Defendant contends that a member of the watch handed Defendant a gun. At approximately 10:33 p.m., a white police van arrived at the street corner outside the shop. Defendant claims, and the government contests, that the police told him, "If you have anything, you should get it," which Defendant took to mean that he should arm himself, though he already had.

Between 9:30 p.m. and 10:40 p.m., Defendant witnessed approximately four vehicles drive past the shop and contends that one yelled threats, another pointed guns at the watch, and two sped off from in front of the shop. At 11:06 p.m., Defendant stepped into the crosswalk. A white car drove through the intersection in which he stood, without stopping. Video surveillance footage shows the car swerve slightly to its right, which Defendant says he interpreted as an attempt to hit one of the neighborhood watch. Defendant has never contended that the car attended to hit or strike him, or that its occupants possessed guns or made verbal threats to him. Defendant pulled the firearm from his pocket and fired seven shots at the vehicle, which Defendant contends were in warning. At 11:41 p.m., Defendant again pointed the firearm at another vehicle as it drove past but did not stop or swerve. He pulled the trigger of the gun repeatedly, which did not fire. Defendant attempted to unjam the gun and shoot again but was unsuccessful. Two minutes later, officers placed Defendant under arrest.

Because Defendant is an unauthorized noncitizen in the United States, he was charged with violation of § 922(g)(5), which prohibits any noncitizen who is not legally authorized to be in the United States from "possess[ing] in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**Discussion**

Defendant argues that the Court must dismiss the indictment because § 922 (g)(5) violates the Second Amendment, the Commerce Clause, the Equal Protection Clause, and generally "fails rational basis scrutiny." Federal Rule of Criminal Procedure 12(b)(3)(B) permits dismissal where an indictment or information contains a defect. In evaluating the sufficiency of an indictment, the Court focuses on the allegations, which it accepts as true. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009).

*Second Amendment*

Defendant argues that § 922(g)(5), as applied to him, unconstitutionally infringes upon his right to bear arms under the Second Amendment. In 2015, the Seventh Circuit rejected a similar Second Amendment challenge to the statute in *United States v. Meza-Rodriguez*, 798 F.3d 664 (7th Cir. 2015). In that case, the Court held that the Second Amendment protects undocumented noncitizens with substantial connections to the United States as a resident. *Meza-Rodriguez*, 798 F.3d at 671. It then applied intermediate scrutiny and determined that § 922(g)(5) permissibly restricted Meza-Rodriguez's Second Amendment rights because the government possesses a sufficiently strong interest in "prohibiting persons who are difficult to track and who have an interest in eluding law enforcement" from possessing guns. *Id.* at 673.

The Court does not diverge from the Seventh Circuit's binding precedent in *Meza-Rodriguez*. First, the Court agrees that the Second Amendment affords Defendant rights because he possesses substantial contacts with the United States. But, as the Seventh Circuit observed in *Meza-Rodriguez*, "the right to bear arms is not unlimited." *Id.* at 672. Defendant asks the Court to distinguish *Meza-Rodriguez*, but because the Seventh Circuit upheld the government's interest in prohibiting persons who live outside the formal system of registration from possessing firearms in *Meza-Rodriguez*, the Court also does so here.

Defendant's possession of a Temporary Visitor Driver's License ("TVDL") does not warrant a different result. Defendant argues that he is not difficult to track because he possesses the TVDL, which cuts against the government's interest in restricting his gun possession. Even if possession of a TVDL overcame this concern, the government also possesses a strong interest in prohibiting those with an interest in eluding law enforcement from possessing firearms, such as unauthorized noncitizens. *Id.* at 673. The same governmental interests upheld by the Seventh

3

Circuit in *Meza-Rodriguez* apply here. Therefore, the Court does not deviate from that decision and denies the motion on Second Amendment grounds.

*Equal Protection*

Defendant next contends that § 922(g)(5) violates his right to equal protection under the law. *See Conley v. United States*, 5 F.4th 781, 787 n.1 (7th Cir. 2021) (citing *Bolling v. Sharpe*, 347 U.S. 497, 498–500, 74 S. Ct. 693, 98 L. Ed. 884 (1954)) ("The Equal Protection Clause of the Fourteenth Amendment… appl[ies] to the federal government as a component of the Fifth Amendment's Due Process Clause."). Though the Court upheld the statute in *Meza-Rodriguez*, Defendant argues that if Meza-Rodriguez had not made the "unfortunate oversight" of neglecting to bring an equal protection challenge, the Seventh Circuit would have held § 922(g)(5) unconstitutional.[1]

Defendant argues that the Court must apply strict scrutiny in its equal protection analysis because the statute: (1) infringes on a fundamental right; and (2) creates a classification based on alienage. As to Defendant's first argument, where another Amendment provides the constitutional protection Defendant seeks, the Court should analyze the claim under that Amendment. *See Culp v. Raoul*, 921 F.3d 646, 658 (7th Cir. 2019) (declining to analyze an equal protection claim more appropriately brought under the Second Amendment); *see also Solomon v. Cook Cty. Board of Commissioners*, No. 17-cv-6144, 2021 WL 4147167, at *22 (N.D. Ill. Sept. 13, 2021) (Dow, J.). Second, the Seventh Circuit applies "the deferential rational basis test to federal statutes that classify based on alienage and will uphold the statute if it is rationally related to a legitimate government interest." *United States v. Montenegro*, 231 F.3d 389, 395 (7th Cir. 2000) (using rational basis review to reject a challenge to the Hostage Taking Act under the Fifth Amendment) (internal citation

---

[1] The Court recognizes that the Seventh Circuit's application of the Second Amendment to unauthorized non-U.S. citizens distinguishes this circuit from others presented with this question. *Compare Meza-Rodriguez*, 798 F.3d at 669, *with United States v. Carpio-Leon*, 701 F.3d 974, 982–93 (4th Cir. 2012) (rejecting a challenge to § 922(g)(5) under the Fifth Amendment). However, the arguments as presented to the Court, as well as the inherent rationale behind the Court's ruling in *Meza-Rodriguez*, lead the Court to nonetheless deny Defendant's motion.

4

omitted); *see also United States v. Lue*, 134 F.3d 79, 86 (2d Cir. 1998) ("The Court has recognized that the federal government has national interests when dealing with aliens that are different from those of the individual states."). Therefore, the Court assesses the challenge under rational basis review.

Defendant argues that the government's animus in enacting § 922(g)(5) necessitates the dismissal of his indictment under rational basis review. By asserting in *Meza-Rodriguez* that "unauthorized immigrants are more likely to commit future gun-related crimes than person in the general population," Defendant argues that the government admitted it acted with irrational prejudice. *Meza-Rodriguez*, 798 F.3d at 673. Not so. Though the Seventh Circuit expressed skepticism as to this claim, it ultimately upheld the statute, finding other important and rational governmental interests. *See id.* In sum, because the Seventh Circuit upheld § 922(g)(5) under intermediate scrutiny, it logically follows that it survives rational basis review.

*Commerce Clause*

Defendant argues that the indictment must be dismissed as a violation of the Commerce Clause because "mere possession of a handgun does not constitute economic activity." (Dkt. 43, at ¶ 28.) The Seventh Circuit has repeatedly held that, because 922(g) "requires proof that the defendant possessed a firearm 'in or affecting commerce,' [it] represents a valid exercise of congressional authority under the Commerce Clause." *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005). The indictment does not charge Defendant with the "mere possession" of a handgun, but rather, possession of a firearm, "in and affecting interstate and foreign commerce… which firearm had traveled in interstate commerce prior to defendant's possession of the firearm." (Dkt. 1.) As such, the motion to dismiss under the Commerce Clause is denied.

*Rational Basis*

Finally, Defendant argues the indictment should be dismissed as a violation of due process as "it is irrational, illogical, and completely nonsensical for the government to complain that Mr.

5

Carbajal-Flores obeyed the police." (Dkt. 43, at ¶ 43.) Defendant admits that he possessed a gun at 9:53 p.m., but was not, in his interpretation, instructed by the police to retrieve a gun until 10:33 p.m. Even if the Court were to adopt his argument that the indictment does not pass rational basis review because law enforcement deputized him, it would not retroactively apply to his actions prior to 10:33 p.m. Therefore, this argument too fails.

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss the indictment [43] is denied.

**IT IS SO ORDERED.**

Date: 4/13/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge